# EXHIBIT A

**EXHIBIT B**

EFiled: Sep 11 2013 02:19PM EDT
Transaction ID 54115996
Case No. 7650-CS

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

———————————————— x
In re NETWORK ENGINES, INC.        :   Consolidated Civil Action No. 7650-CS
SHAREHOLDER LITIGATION             :
                                   :
———————————————— x

## ORDER AND FINAL JUDGMENT

On this 11th day of September, 2013, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation and Agreement of Compromise and Settlement, dated May 13, 2013 (the "Stipulation" or the "Settlement Agreement")[1] which is incorporated herein by reference, and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted herein; and whether an order and final judgment should be entered in the above-captioned consolidated class action (the "Delaware Action"); and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.   The mailing of the Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") pursuant to and in the manner prescribed in the Scheduling Order on Approval of Class Action Settlement and Class Certification entered on May 29, 2013 (the "Scheduling Order"), which was mailed by first class mail beginning on May 30, 2013, is hereby determined to be the best notice practicable under the circumstances and given in full compliance with Rule 23 of the Rules of the Court of Chancery, the requirements of

---

[1]   Capitalized terms not defined herein shall have the meanings provided in the Stipulation.

**EXHIBIT B**

due process and applicable law. It is further determined that all members of the Class are bound by the Order and Final Judgment herein.

2. The Court finds that the Delaware Action is a proper class action pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Rules of the Court of Chancery and hereby certifies the Class as consisting of:

> All record and beneficial holders of Network Engines common stock during the period beginning on June 19, 2012, through September 18, 2012, the date of the consummation of the Merger, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, but excluding Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of Network Engines and the legal representatives, heirs, successors or assigns of any such excluded person. For purposes of the Settlement only, the Delaware Action shall be certified as a non-opt-out class action pursuant to Court of Chancery Rules 23(a) and 23(b)(1) and (b)(2).

3. Specifically, the Court finds that Class satisfies the numerosity requirement of Rule 23(a)(1). As of July 25, 2012, there were approximately 42.7 million public shares of Network Engines common stock ("Shares") issued and outstanding that comprise the Class. There are common issues of fact and law sufficient to satisfy Rule 23(a)(2), including whether the disclosures made by Network Engines in connection with the Merger were adequate, whether the individual defendants breached their fiduciary duties to Class Members, and whether the plaintiffs in this Action ("Plaintiffs") and Class Members were injured as a consequence of the Defendants' actions. The claims of plaintiffs Terry Hull, Matt Lefever, Rajinder Bansal and Joseph Yud (the "representative plaintiffs") are typical of the claims of absent members of the Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories, satisfying Rule 23(a)(3). The representative plaintiffs and their counsel are adequate representatives of the Class, satisfying Rule 23(a)(4), and the representative

**EXHIBIT B**

plaintiffs are hereby certified as the Class Representatives. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Defendants, and, as a practical matter, the disposition of this Delaware Action will influence the disposition of any pending or future identical cases brought by other members of the Class, satisfying Rule 23(b)(1); and there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, satisfying Rule 23(b)(2).

4. The Settlement of this Delaware Action as provided for in the Stipulation is approved as fair, reasonable and adequate, and in the best interests of Plaintiffs and the Class.

5. The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Register in Chancery is directed to enter and docket this Order and Final Judgment.

6. In addition to the terms defined above, the following terms shall have the following meanings:

(a) "Released Claims" means all known and Unknown Claims of every nature and description whatsoever against any of the Released Parties (defined below), that have been or could have been asserted by Plaintiffs or any member of the Class in their capacity as stockholders, related to the Merger, in any forum, including class, derivative, individual, intended or third-party beneficiary or other claims, whether state, federal, or foreign, common law, statutory, or regulatory, including, without limitation, claims under the federal securities laws, arising out of, related to, or concerning (i) the allegations contained in the Actions, (ii) the Merger, any agreements, and disclosures relating to the Merger, and any compensation or other payments made to any of the Defendants in connection with the Merger, (iii) the Disclosures,

**EXHIBIT B**

any amendments thereto or any other disclosures relating to the Merger, or alleged failure to disclose, with or without scienter, material facts to stockholders in connection with the Merger, or (iv) any alleged aiding and abetting of any of the foregoing (collectively, the "Settled Claims"); *provided, however*, that the Released Claims shall not include the right of Plaintiffs or any Class Members to enforce in the Delaware Court this Stipulation or the Settlement or any properly perfected claims for statutory appraisal pursuant to 8 *Del. C.* § 262.

(b) "Released Parties" means Defendants and their respective predecessors, successors in interest, parents, subsidiaries, affiliates, representatives, agents, trustees, executors, heirs, spouses, marital communities, assigns or transferees and any person or entity acting for or on behalf of any of them and each of them, and each of their predecessors, successors-in-interest, parents, subsidiaries, affiliates, representatives, agents, trustees, executors, heirs, spouses, marital communities, assigns or transferees and any person or entity acting for or on behalf of any of them and each of them (including, without limitation, any financial advisors, investment bankers, accountants, insurers, reinsurers or attorneys and any past, present or future officers, directors and employees of any of them).

(c) "Unknown Claims" means any claim that Plaintiffs or any other member of the Class do not know or suspect exist in his, her or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement. With respect to any of the Released Claims, the Parties stipulate and agree that upon Final Approval of the Settlement, Plaintiffs shall expressly and each member of the Class shall be deemed to have, and by operation of the final order and judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code

**EXHIBIT B**

§1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs acknowledge, and the Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiffs, and by operation of law the Class Members, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Settlement Agreement.

7. This Delaware Action and the Released Claims are hereby dismissed on the merits and with prejudice, and without costs, in full and final discharge of any and all claims or obligations that were or could have been asserted in the Actions against the Defendants.

8. Plaintiffs and all Class Members, and their respective heirs, executors, administrators, estates, predecessors in interest, predecessors, successors in interest, successors, and assigns, hereby fully, finally and forever release, settle and discharge the Released Parties from and with respect to the Released Claims, and are forever barred and enjoined from

**EXHIBIT B**

commencing, instituting or prosecuting any action or other proceeding, in any forum, asserting any Released Claims against any of the Released Parties (the "Release of Defendants"); provided, however, that the Release of Defendants does not include Plaintiffs' and Plaintiffs' Counsel's rights to enforce the Settlement.

9. Defendants fully, finally and forever release, settle and discharge Plaintiffs, Class Members and Plaintiffs' Counsel from any and all claims arising out of or relating to their initiation, filing, prosecution and/or settlement of the Actions (the "Release of Plaintiffs"); provided, however, that the Release of Plaintiffs does not include Defendants' rights to enforce the Settlement.

10. Neither the MOU nor the Stipulation, nor any of the terms and provisions of the MOU or the Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the settlement proceedings, nor any statements in connection therewith, shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damage to any Plaintiff or Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in any of the Actions, or of any purported liability, fault, or wrongdoing of the Released Parties or of any injury or damages to any person or entity; provided, however, that the Stipulation and/or this Order and Final Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be

**EXHIBIT B**

necessary to argue that the Stipulation and/or this Order and Final Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or this Order and Final Judgment.

11. Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the sum of $ 182,973.41 in connection with the Actions, which sum the Court finds to be fair and reasonable. Such sums shall be paid pursuant to the provisions of the Stipulation. No counsel representing any Plaintiff in any of the Actions shall make any further or additional application for fees and expenses to the Delaware Court or any other court.

12. If the Effective Date does not occur, this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith except for paragraphs 11, 12, 16, and 17 of the Stipulation, which shall survive any such termination or vacatur, shall be null and void; the Parties returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU.

13. The binding effect of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

14. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

Dated: September 11, 2013

_____
Chancellor